UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY THOMAS ALEXANDER,

             **Plaintiff,**                    **CIVIL ACTION NO. 13-cv-11696**

       **vs.**

                                         **DISTRICT JUDGE DENISE PAGE HOOD**
**COMMISSIONER OF**                **MAGISTRATE JUDGE CHARLES E. BINDER**
**SOCIAL SECURITY,**

             **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendant's Motion to Dismiss (doc. 5) should be **GRANTED** and the instant case dismissed.

                                         \*\*\*

       This matter is before the undersigned pursuant to an order of reference filed April 16, 2013 and a reassignment entered May 13, 2014. (Doc. 2.) Plaintiff filed the instant complaint on April 15, 2013 seeking review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits. (Doc. 1.) On July 1, 2013, Defendant filed a Motion to Dismiss claiming that the instant complaint was untimely filed. (Doc. 5.) Defendant's Motion to Dismiss was accompanied by supporting documents of the administrative proceedings in this matter and the May 13, 2013 Declaration of Patrick J. Herbst, Court Case Preparation And Review Branch 3, Office of Disability Adjudication And Review, Social Security Administration. (Doc. 5-1.) Mr. Herbst declares that he is responsible for processing claims and that Plaintiff's electronic file is available to him. Mr. Herbst sets forth, to the best of his knowledge and belief, the proceedings and attendant dates as they appear in the supporting documents filed as exhibits. (Doc. 5-1.) Plaintiff

timely filed a response to Defendant's motion on July 22, 2013. (Doc. 6.) Plaintiff's exhibit to the Response appears on the docket as filed almost two weeks later, on August 2, 2013. (Doc. 7.) Defendant filed a Reply on August 5, 2013. (Doc. 8.) Plaintiff filed a sur-reply without leave on August 21, 2013. (Doc. 9.)

For the following reasons, the Court recommends that Defendant's Motion to Dismiss be granted.

Title 42 U.S.C. section 405(g) provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

An individual is presumed to have received "notice" of the Commissioner's decision five days after the mailing of such notice. 20 C.F.R. §§ 404.981, 404.901, and 422.210©.

The statute of limitations set forth in section 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (D.C.Pa. 1976). *See also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Zampella v. Barnhart*, 2004 WL 1529297 (D.Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal").

The limitation set forth in § 405(g) is not jurisdictional and, thus, is subject to equitable tolling in the appropriate case. *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994). In the context of § 405(g), "traditional equitable tolling principles require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). In determining whether to apply equitable tolling, courts are to consider the following factors: (1) plaintiff's lack of actual notice of the filing requirement; (2) plaintiff's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) plaintiff's reasonableness in remaining ignorant of the legal requirement for filing one's claim. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). Equitable tolling generally "applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 560-61 (6th Cir. 2000).

The Plaintiff did not lack actual or constructive knowledge of the filing requirement. The ALJ denied Plaintiff's application in a decision dated August 21, 2012. (Doc. 5-1 at 5.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision in a Notice dated January 15, 2013.[1] (Doc. 5-1 at 19.) Plaintiff presumptively received the Notice within five days, by January 20,

---

[1] Defendant submitted the Notice of Appeals Council Action which indicated:

**How to File a Civil Action**
You may file a civil action . . . by filing a complaint in the United States District Court for the judicial district in which you live. . . .

**Time to File a Civil Action**
You have 60 days to file a civil action (ask for court review).
The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for waiting more than 60 days to ask for court review.
You must make the request in writing and give your reason(s) in the request.

2013. Plaintiff does not argue that he did not receive the Appeals Council Notice and in fact references it by date in his Complaint. (Doc. 1 at 2 ¶ IV.) Plaintiff's civil action would have been due March 21, 2013. Despite having represented Plaintiff as of March 11, 2013, neither Plaintiff's counsel nor Plaintiff filed the civil action or requested an extension until after the March 21, 2013 filing limitation. On April 3, 2013, Plaintiff by his counsel requested of the Appeals Council an extension of time to file his complaint with the Court. (Doc. 7.) In the request, he provided no reason for requesting the extension of time, other than mentioning in an earlier paragraph that counsel had been "recently retained" to represent Mr. Alexander on March 11, 2013.  (Doc. 7 at 2.)

Plaintiff has not shown diligence in pursuing his rights; even the request for extension was filed after the filing deadline, despite Plaintiff having received the Appeals Council Notice and legal counsel having been retained prior to the deadline.

Plaintiff has alleged no extraordinary circumstances under which the time for filing his civil action should be tolled. In fact, Plaintiff alleges only the most ordinary of circumstances for failing to timely file; circumstances which, if accepted, would effectively nullify the filing deadline altogether.  "[T]here are millions of applicants for Social Security benefits each year, and . . . the lack of a clear filing deadline could create havoc in the system." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2008). In this circumstance, the Court finds there would be prejudice to Defendant in applying equitable tolling.

There is no support for finding that Plaintiff was reasonable in remaining ignorant of the legal requirement for filing his claim. The documents sent by the Appeals Council to Plaintiff clearly set

_____

(Doc. 5-1, Notice of Appeals Council Action).

-4-

forth the deadline by which he was to file his civil action. (Doc. 5-1 at 19-23). Plaintiff had notice

of the deadline to file his civil action. Plaintiff or his counsel could have timely filed his action prior

to the March 21, 2013 deadline. Plaintiff has not shown circumstances beyond his control that would

have prevented him from doing so.

The Appeals Council did not deny Plaintiff's request for an extension until August 5, 2013,

after Defendant filed its Motion to Dismiss. (Doc. 8-1.) Plaintiff argues in its sur-reply that the

timing of the denial is self-serving and the Appeals Council lacks jurisdiction to enter such an order

"once the time frame for review has passed" and after the filing of the civil action with this Court.

(Doc. 9.) The Court need not reach these arguments. The Court's analysis herein does not change,

whether it were to consider the Appeals Council denial or not.[2] The Court should find that the 60-day

limitation period was not satisfied, equitable tolling does not apply and Plaintiff's case should be

dismissed.

Accordingly, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (doc. 5) should

be **GRANTED** and the instant case **DISMISSED**.

_____

[2] Declarant Mr. Herbst stated in his May 13, 2013 declaration that, at the time of signing
his declaration, he was not aware of any request for an extension of time. (Doc. 5-1 at 4.) Had the
Appeals Council responded to Plaintiff's request for extension sooner, there may have been some
efficiency gained in the current filing process. However, where Plaintiff sought his extension
after the deadline had passed altogether, the Appeals Council's somewhat tardy response has left
the Plaintiff no worse off. He has not been harmed by the Appeals Council's delay, having
missed the filing deadline even before he requested the extension. The Appeals Council found
that Plaintiff did not demonstrate good cause for "waiting to seek an extension for filing the civil
action." (Docket no. 8-1 at 1.) The Court agrees.

**<ins>NOTICE TO PARTIES REGARDING OBJECTIONS</ins>**

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d 830, 837 (6th Cir. 2006)(citing *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. E.D. Mich. LR 72.1(d)(3). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/ Charles E Binder

Dated: May 27, 2014                       CHARLES E. BINDER
                                          United States Magistrate Judge

**<ins>CERTIFICATION</ins>**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

                                          s/ Kristen R. Krawczyk

                                          Kristen R. Krawczyk
                                          Case Manager Specialist

Dated: May 27, 2014

-6-